RECEIVED

SEP 2 9 2009

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 3:09-cr-98 |
| v. | ) | |
| | ) | **INDICTMENT** |
| MARY LEE REINKING, | ) | T. 18 U.S.C. §1343 |
| | ) | T. 18 U.S.C. §2 |
| Defendant. | ) | |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At all times relevant to this Indictment:

1.      RH and DH were individuals living in the Scott County, Iowa, area, who engaged in certain purchases of rental properties in Scott County, Iowa. RH and DH were assisted in these purchases by certain real estate agents, mortgage brokers, an appraiser, and attorneys.

2.      The defendant, MARY LEE REINKING, was an employee and officer of Crow Valley Mortgage, a mortgage brokerage firm operating in Scott County, Iowa.

## THE SCHEME

3.      Beginning on a date unknown, but by at least September 2004, and continuing to during or about December 2004, in the Southern District of Iowa, and elsewhere, the defendant, MARY LEE REINKING, and others, did devise and intend to devise a scheme to defraud as to material matters and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by intentional concealment of material facts.

4.      It was part of the scheme that RH and DH, assisted by certain real estate agents, would locate rental properties in the Scott County, Iowa, area, for purchase by RH and DH.

5.      It was further part of the scheme that RH and DH, assisted by real estate agents, would negotiate with each seller concerning a purchase price for each property.

6.      It was further part of the scheme that RH and DH, assisted by certain real estate agents, mortgage brokers, and attorneys, would draft and present to each seller a real estate purchase contract and a contract addendum or similar document, the contract reflecting an inflated price (the "inflated price") and the addendum or similar document reflecting the price actually negotiated for the transaction (the "actual price"). The addendum or similar document also provided that after closing the seller would pay a kickback to RH and DH approximately equaling the difference between the inflated price and actual price.

7.      It was further part of the scheme that RH and DH, assisted by the defendant, MARY LEE REINKING, and other mortgage brokers, would falsely represent to mortgage lenders and financial institutions that the sale price of each property was the inflated price set forth in the contract, and would conceal the lower, actual price.

8.      It was further part of the scheme that the defendant, MARY LEE REINKING, and other mortgage brokers, would misrepresent the income and employment of RH and DH to financial institutions and mortgage lenders, and would conceal the actual income and employment of RH and DH from said financial institutions and lenders, since RH and DH lacked the income and employment to qualify for mortgage loans to purchase the rental properties.

9.      It was further part of the scheme that RH and DH, assisted by real estate agents, mortgage brokers, and attorneys, would cause to be created false and fraudulent HUD-1 Settlement Statements that:

2

a.      falsely represented that the sale price of the property was the inflated price set forth in the contract;

b.      intentionally concealed and failed to disclose the existence of the lower, actual price set forth in the addendum; and,

c.      intentionally concealed and failed to disclose the post-closing kickback paid by the each seller to RH and DH.

10.     It was further part of the scheme that after RH and DH received the kickbacks, they allowed the mortgage loans to go into default, thereby causing additional losses to the lenders.

## COUNT 1
### (Wire Fraud – 660 W. 64th Street)

1.   The allegations set forth in paragraphs 1 through 10 of the Introduction are hereby realleged and incorporated by reference.

2.   That on or about October 5, 2004, in and about Scott County in the Southern District of Iowa, and elsewhere, the defendant, MARY LEE REINKING, and others, having devised and intended to devise a scheme to defraud, and for obtaining money by means of material false and fraudulent pretenses and representations, and for the purpose of executing such scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain signs, signals, pictures, and sounds, to wit: a fax transfer from Crow Valley Mortgage in Iowa to Argent Mortgage Company in Illinois of certain documents pertaining to the qualifications of RH and DH for a mortgage loan, that is, bank statements, for the purchase of the real property located at 660 W. 64th Street, Davenport, Iowa.

This is a violation of Title 18, United States Code, Sections 1343 and 2.

3

## COUNTS 2 through 5
### (Wire Fraud – 503-509 61ˢᵗ Street)

1.      The allegations set forth in paragraphs 1 through 10 of the Introduction are hereby realleged and incorporated by reference.

2.      That on or about the dates indicated, in and about Scott County in the Southern District of Iowa, and elsewhere, the defendant, MARY LEE REINKING, and others, having devised and intended to devise a scheme to defraud, and for obtaining money by means of material false and fraudulent pretenses and representations, and for the purpose of executing such scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain signs, signals, pictures, and sounds, to wit: fax transfers from Crow Valley Mortgage in Iowa to New Century Mortgage in California of documents specified in each count pertaining to the qualifications of RH and DH for a mortgage loan for the purchase of the real property located at 503-509 61ˢᵗ Street, Davenport, Iowa.

| Count | Date | Nature of Fax-ed Documents |
|---|---|---|
| 2 | November 1, 2004 | bank statements |
| 3 | November 15, 2004 | bank statements |
| 4 | November 24, 2004 | request for verification of deposit |
| 5 | November 29, 2004 | uniform residential loan application |

These are violations of Title 18, United States Code, Sections 1343 and 2.

**A TRUE BILL**

/s/

FOREPERSON

Matthew G. Whitaker
United States Attorney

By: /s/
Donald Allegro
Assistant United States Attorney